UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TANYA HANCOCK,

    Plaintiff,

  v.

HARTFORD LIFE AND ACCIDENT INSURANCE CO.; THE HARTFORD; MERCURY INSURANCE COMPANY; AND DOES 1 TO 100, Inclusive,

    Defendant.

NO. CIV. 2:06-CV-00208-FCD-DAD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter comes before the court on defendants Hartford Life and Accident Insurance Company, The Hartford and Mercury Insurance Company's (collectively, "defendants") motion to dismiss plaintiff Tanya Hancock's ("plaintiff") complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' motion to dismiss is

DENIED.[1]

**BACKGROUND**

Plaintiff, Tanya Hancock, was employed as a claims analyst by Mercury Insurance Company ("MIC"), policy holder of a long-term disability plan administered by defendant Hartford Life and Accident Insurance Company and defendant The Hartford (collectively, "Hartford"). (Pl's Compl., filed February 9, 2006, at ¶¶ 1-2). Through her employment with MIC, plaintiff purchased a long-term disability plan from Hartford. (Id. at ¶ 1).

Plaintiff, after suffering a back injury and receiving medical treatment, stopped working at MIC. (Id. at ¶ 5). She claims that on or about October 29, 2003, she applied for long-term disability benefits under the policy as a result of her back injury, shoulder and hip pain, and general pain syndrome. (Id. at ¶ 6). Plaintiff alleges that on February 5, 2004, Hartford informed her that her claim had been denied because Hartford did not receive sufficient "Proof of Loss." (Id. at ¶ 15). In a separate letter also dated February 5, 2004, Hartford provided plaintiff 180 days from that date to appeal the denial. (Id. at ¶ 15). Plaintiff alleges that on that same day, she sent a letter to defendant "requesting [that] her claim be reconsidered" to which she received no response from Hartford. (Id. at ¶¶ 16-17).

Subsequently, on February 9, 2006, plaintiff filed this

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

civil action against defendants alleging three causes of action. (Id. at ¶¶ 29, 32, 42). Specifically, her complaint alleges that under 29 U.S.C. § 1132(a), the civil enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), she is entitled to recover unpaid benefits due to her under Hartford's long-term disability plan. (Id. at ¶ 32). Alternatively, plaintiff seeks relief under two state law claims, breach of contract and breach of the covenant of good faith and fair dealing, for the disability benefits allegedly owed to her. (Id. at ¶¶ 29, 42).

Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that 1) both state law claims are preempted by ERISA and 2) plaintiff failed to exhaust all administrative remedies available and required under ERISA before filing a civil action, and plaintiff has not adequately plead that she satisfied the exhaustion requirement.

**STANDARD**

On a motion to dismiss, the court must accept the allegations of the complaint as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. Id. As the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of

3

facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, the court may not assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In ruling upon a motion to dismiss, the court may appropriately consider only the complaint, exhibits submitted with the complaint, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**I.  ERISA Preemption of State Law Claims**

Defendants argue that plaintiff's state law claims for breach of contract and breach of the covenant of good faith and fair dealing are preempted because the long-term disability plan from which plaintiff's state law claims arise is an employee benefit plan governed by ERISA.

Under section 1144(a) of ERISA, the statute's provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" as defined by

4

ERISA.  29 U.S.C. § 1144(a).  This preemption provision may be invoked only if 1) the relevant plan is governed by ERISA and 2) the state law claims "relate to" the ERISA plan.  29 U.S.C. § 1144(a); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-98 (1983).

An "employee welfare benefit plan" regulated by ERISA is "any plan, fund or program . . . established or maintained by an employer" to provide its participants "benefits in the event of sickness, accident, disability, death or unemployment . . . ."  29 U.S.C. § 1002(1).  The United States Supreme Court has held that a state law claim is "related to" an ERISA plan if the claim "has a connection with or reference to such a plan."  Shaw, 463 U.S. at 96-97.  In determining whether a state law claim has "a connection with" an ERISA plan such that the claim is preempted, the court must consider ERISA's objectives and the nature of the effect of state law upon the plan. California Div. Of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 325 (1997) (quoting New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645, 656 (1995)).

Here, defendants first argue that the subject long-term disability plan constitutes an "employee welfare benefit plan" for the purposes of ERISA because the plan provides disability benefits, and plaintiff is a participant in the plan through her employer, as plaintiff alleges in her complaint.  (Pl's Compl., filed February 9, 2006, at ¶¶ 34-35).  Further, defendants contend that plaintiff's state law claims are "related" to the long-term disability plan for purposes of ERISA preemption, as

5

the claims would allow plaintiff to recover for benefits unpaid under the alleged ERISA plan.

However, resolution of the instant motion rests not upon an analysis of these substantive issues, but rather upon the procedural rights afforded to plaintiff under the Federal Rules of Civil Procedure. This court has previously held that where the applicability of ERISA to a particular plan is in doubt, a plaintiff may properly plead state law claims and, *alternatively*, a claim seeking recovery under ERISA. <u>Coleman v. Standard Life Insur. Co.</u>, 288 F. Supp. 2d 1116, 1120-1122 (E.D. Cal. 2003) (Karlton, L.); Fed. R. Civ. P. 8(e)(2). Federal Rule of Civil Procedure 8 allows a party to "state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Fed. R. Civ. P. 8(e)(2). Applying this rule, this court recognized in <u>Coleman</u> that "'a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case.'" 288 F. Supp. 2d at 1119 (quoting <u>Molsbergen v. United States</u>, 757 F.2d 1016, 1019 (9th Cir. 1985)).

Like the instant case, the plaintiff in <u>Coleman</u> applied for benefits under a long-term disability policy purchased from the defendant. 288 F. Supp. 2d at 1117. The plaintiff received the benefits until the defendant closed the plaintiff's case because, the defendant alleged, the plaintiff no longer satisfied the requirements necessary to receive the benefits. <u>Id.</u> After exhausting his administrative remedies available under ERISA but still not receiving benefits, the plaintiff filed a civil action alleging state law claims of breach of contract and breach of the

implied covenant of good faith and fair dealing.  Id. Alternatively, the plaintiff plead an ERISA claim.  Id.  The court noted that, absent a determination as to ERISA's applicability, it could not properly dismiss the state law claims without unfairly prejudicing the plaintiff if, in fact, the plan was later found not governed by ERISA.  Id. at 1121.

In so holding, the court in Coleman distinguished Pane v. RCA Corp., where the court held there that the plaintiff's state law claims *were* preempted by his ERISA claim.  Id.  In Pane, the court previously denied the defendant's motion to dismiss the plaintiff's ERISA claim such that there was "some reason to believe that the dismissal [of the state claims] would not leave [the] plaintiff entirely without a remedy."  Id.  Here, however, the court has not previously denied defendants' motion to dismiss plaintiff's ERISA claim.  Accordingly, at this stage, a finding of preemption might deny plaintiff any remedy if ERISA is later found inapplicable.

Defendants attempt to distinguish Coleman by submitting the alleged plan as "proof" of ERISA's applicability.  In Coleman, the court reviewed only the allegations in the plaintiff's complaint, and the defendant did not attempt to introduce evidence establishing that the plan was governed by ERISA.  Id. Here, though, defendants attached to their reply, a certified copy of the alleged group benefit plan.  (Ex. A to Defs.' Reply). Defendants request that the court consider the document as "uncontroverted evidence" that the plan is an employee welfare benefit plan regulated by ERISA such that plaintiff's ERISA claim preempts her state law claims.

7

1    Defendants' argument presents two issues.  First, at the
2 motion to dismiss stage, the court may only consider the
3 complaint, exhibits submitted with the complaint, or any matters
4 judicially noticed in accordance with Federal Rules of Evidence
5 201.  Isuzu Motors Ltd., 12 F. Supp. 2d at 1042.  However, the
6 Ninth Circuit has held that documents not attached to the
7 complaint but "whose contents are alleged in . . . [the]
8 complaint and whose authenticity no party questions" are part of
9 the complaint such that the court may also consider them in
10 ruling upon a motion to dismiss.  Blanch v. Tunnell, 14 F.3d 449,
11 454 (9th Cir. 1994), overruled on other grounds by Galbraith v.
12 County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

13    Plaintiff expressly refers to the plan's content in her
14 complaint by alleging that defendants wrongfully denied her the
15 benefits owed to her under the "long-term disability policy
16 purchased from Defendant[s] through her employment with [MIC] . .
17 . ."  (Pl's Compl., filed February 9, 2006, at ¶ 32).  Although,
18 because defendants attached the certified copy of the alleged
19 plan to their reply, plaintiff has not had an opportunity to
20 respond.  The court assumes, however, based upon plaintiff's
21 opposition, that she would at this stage, short of formal
22 discovery, challenge the authenticity of the plan.

23    Further, although defendants request the court do so, the
24 court is not permitted to consider the plan under Rule 201 of the
25 Federal Rules of Evidence.  Under that rule, a judicially noticed
26 fact may only be considered so long as it is "not subject to
27 reasonable dispute in that it is either generally known within
28 the territorial jurisdiction of the trial court" by reasonably

8

well-informed people or the facts are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), cmt. No such finding can be made here.

Also, for the reasons set above, the plan's accuracy is reasonably questionable. At this stage in the litigation, the court only has one source available to it (defendants) to confirm the accuracy of the plan. Since defendants are parties to the case, not objective third parties, and plaintiff has not yet had an opportunity to respond to the plan's accuracy, the court would violate one of the goals of Rule 201's limitations, allowing both parties to "examine each other's evidence and to present all sides to the trier of fact," by taking judicial notice of the plan. Fed. R. Evid. 201 cmt.

Nevertheless, even if the court considered the plan, defendants' motion to dismiss must still be denied. Defendants argue that the plan "affects the legal rights" of the parties involved, states MIC's obligation to contribute to the plan and refers to ERISA such that the plan itself shows that defendants intended to create a plan governed by ERISA. However, under ERISA's safe-harbor provision, a plan does not necessarily constitute an "employee welfare benefit plan" for purposes of the statute if 1) the employer makes no contributions, 2) the employees participate voluntarily in the program, 3) the employer's only functions regarding the program are to "permit the insurer to publicize the program to employees or members, to collect premiums . . ., and to remit them to the insurer," and 4) the employer receives "no consideration . . . other than

9

reasonable compensation . . . for administrative services actually rendered in connection with [collecting premiums] . . . ." 29 C.F.R. § 2510.3-1(j).

Plaintiff validly argues that at this point she does not know if the "safe-harbor" provision would apply to the plan, thereby making ERISA inapplicable.  For example, according to the plan submitted by defendants, the employer pays the insurance premium but may "allocate all or part of the cost to the employee," as determined by the employer.  (Ex. A to Defs.' Reply).  In the instant case, it is unknown whether plaintiff paid all of her insurance costs such that minimally, the first requirement of the safe-harbor provision is met.  If the three remaining criterion also are satisfied, ERISA might not be applicable to the plan in question.  The court, at this dismissal stage, cannot make these factual inquiries as they would require the court to consider evidence outside of the permissible scope afforded by Federal Rule of Evidence 201.  <u>Isuzu Motors Ltd., Inc.</u>, 12 F. Supp. 2d at 1042.  Therefore, defendants' motion to dismiss plaintiff's state law claims is denied.

**II.  Exhaustion Doctrine**

The Ninth Circuit has held that the exhaustion doctrine, requiring an aggrieved party to exhaust all administrative remedies available to her before seeking judicial review, applies to claims brought under ERISA.  <u>Amato v. Bernard</u>, 618 F.2d 559, 566-567 (9th Cir. 1980).

Defendants contend that plaintiff's ERISA claim should be dismissed because plaintiff has not sufficiently exhausted the

10

plan's internal review and appeal procedures as required before seeking judicial review.  However, defendants' argument fails in light of the liberal standard of review at the motion to dismiss stage.  Rule 8 of the Federal Rules of Civil Procedure requires only that the claim be a "short and plain statement . . . showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Further, "all pleadings [must] be construed as to do substantial justice."  Fed. R. Civ. P. 8(f).

Thus, at this juncture, plaintiff does not have to plead a particular fact if that fact is a reasonable inference from facts properly alleged.  <u>Retail Clerks Int'l Ass'n</u>, 373 U.S. at 753 n.6.  In her complaint, plaintiff states that after Hartford denied her claim for disability benefits, she sent a letter to Hartford requesting that her claim be "reconsidered" to which she received no response.  (Pl's Compl., filed February 9, 2006, at ¶¶ 16-17).  Even though plaintiff did not expressly state that she sent the letter in accordance with the review and appeal process required by ERISA, this court can reasonably infer that a letter for "reconsideration" constituted her alleged appeal. Accordingly, defendants' motion to dismiss and alternatively, motion for a more definite statement, are denied.

///

///

///

///

///

11

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint is DENIED.

IT IS SO ORDERED

DATED: June 14, 2006

<pre>
                            /s/ Frank C. Damrell Jr.
                            FRANK C. DAMRELL, Jr.
                            UNITED STATES DISTRICT JUDGE
</pre>